**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN DOE,**

                      **Plaintiff,**

                      **v.**

**ANDREW M. CUOMO[1] et al.,**

                      **Defendant.**
_____

**1:21-cv-36**
**(GLS/DJS)**

## SUMMARY ORDER

Plaintiff John Doe brings this action against defendants Andrew M. Cuomo, in his official capacity as Governor of the State of New York, and Michael C. Green, in his official capacity as the Executive Deputy Commissioner of the New York State Division of Criminal Justice Services (DCJS). (Compl., Dkt. No. 1.) Doe commenced this action challenging the determination that his "initial date of registration," marking the start of the twenty-year registration period Doe was required to register as a sex offender, was measured from his date of registration in New York State on December 7, 2006, rather than his date of registration in the State of

---

[1] Since commencement of this action, Kathy Hochul succeeded Andrew M. Cuomo as Governor of the State of New York. Accordingly, Hochul is automatically substituted for Cuomo. *See* Fed. R. Civ. P. 25(d).

Washington on January 27, 1997.  (Compl. ¶ 2.)

Doe denominates three causes of action: (1) "statutory violation," challenging the DCJS's interpretation of New York Correction Law § 168-h(1), the application of said statute to Doe, and the determination of Doe's initial date of registration on the New York State sex offender registry; (2) "violation of the constitutional right to relocation to another state under the privileges and immunities and equal protection clauses"; and (3) "violation of substantive due process." (Compl. ¶¶ 20-35.)  While the complaint is not a model of clarity, the parties appear to agree that the first claim is brought pursuant to New York State law, and the second and third claims are each brought pursuant 42 U.S.C. § 1983.  Pending is defendants' motion to dismiss the complaint.  (Dkt. No. 11.)

Defendants seek dismissal of Doe's complaint on the grounds that: (1) the complaint is time-barred; (2) the Eleventh Amendment bars suit against both defendants in their official capacities; (3) the Governor has absolute immunity from legislative actions; (4) the complaint fails to allege personal involvement by defendants; and (5) even if the state law claim is not dismissed on any other grounds, the court should not exercise supplemental jurisdiction.  (Dkt. No. 11 at 4, 10, 14, 15, 18.)  For the

2

reasons that follow, defendants' motion is granted and Doe's complaint[2] is dismissed as time-barred.[3]

In 1996, in the State of Washington, Doe was convicted of "attempted exploitation of a minor" and was required to register as a sex offender, which he did on January 27, 1997. (Compl. ¶¶ 11, 13.) Doe later moved to New York and, as required, registered as a sex offender there in 2006. (*Id*. ¶ 14.) In a letter from DCJS dated May 3, 2007, Doe was notified that he was considered a level one sex offender under New York law and as such must continue to register as a sex offender "for period of twenty years from [his] initial date of registration." (Dkt. No. 1, Attach. 1 at 13.) In the same letter, plaintiff was told that his initial date of registration was December 7, 2006. (*Id*.) On January 31, 2014, New York State Supreme Court in Albany County formally adjudicated Doe as a level one sex offender based on his 1996 conviction in Washington. (*Id*. at 2, 5.)

In their motion to dismiss, defendants argue that the statute of

---

[2] In deciding whether Doe's complaint can survive a motion to dismiss, the court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Chloé v. Queen Bee of Beverly Hills*, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (citation omitted).

[3] As noted, defendants raise several additional grounds for dismissal, however, given that the complaint is time-barred, the court need not address these additional grounds.

limitations began to run on May 3, 2007, when Doe received the letter from DCJS advising him that he must continue to register as a sex offender "for a period of twenty years from [his] initial date of registration," and that his initial date of registration was December 7, 2006.  (Dkt. No. 11, Attach. 1 at 9-10.)  In the alternative, defendants assert that, even if the May 3, 2007 letter from DCJS did not give Doe reason to know of the injury giving rise to his claim, by January 31, 2014, Doe knew he had been adjudicated as a level one sex offender, requiring twenty years of registration.  (*Id.* at 10.)  Ultimately, defendants contend that, because this action commenced on January 12, 2021, Doe's claims are time-barred by the three-year statute of limitations, whether his claims accrued in 2007 or 2014.  (*Id*. at 7-10.)

Doe argues that his claims are not time-barred because he is asserting ongoing violations of both New York law and the United States Constitution, and, thus, the continuing violation doctrine should apply. (Dkt. No. 12 at 2.)  Defendants maintain that the continuing violation does not apply here because the doctrine only applies to continuing unlawful acts and not merely the continuing effects from an earlier unlawful act. (Dkt. No. 13 at 3-4.)  For the reasons that follow, the court agrees with

4

defendants.

"Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks and citations omitted); *Camacho v. Nassau Boces Sch. Dist.*, No. 21-CV-1523, 2022 WL 256506, *4 (E.D.N.Y. Jan. 27, 2022).

In some circumstances, the statute of limitations in § 1983 claims may be tolled by the continuing violation doctrine. *See Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir.2009). "The continuing violation doctrine is an exception to the normal . . . accrual date. When the plaintiff brings a § 1983 claim challenging a discriminatory policy, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Shomo*, 579 F.3d at 181 (internal quotation marks and citations omitted). A claim will be timely only if the plaintiff alleges "some non time-barred acts taken in furtherance" of the alleged violation. *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). Indeed, the continuing violation doctrine applies to claims "composed of a series of separate acts that collectively constitute one unlawful . . .

5

practice." *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (internal quotation marks and citation omitted).  However, the doctrine does not apply "to discrete unlawful acts, even where those discrete acts are part of a serial violation." *Gonzalez,* 802 F.3d at 220.

Doe's § 1983 claims are untimely, and the continuing violation doctrine does not apply.  Doe fails to allege facts to support his assertion that the continuing violation doctrine should apply.  Only in his response to defendants' motion does he conclusorily assert that defendants have committed "ongoing violations" of New York State and federal law.  (Dkt. No. 12 at 2.)  Doe's allegations only demonstrate the continuing effects of one act by defendants: DCJS's determination of his initial date of registration.  *See Delaware State College v. Ricks*, 499 U.S.250, 258 (finding that the doctrine applies to continuing unlawful acts but not the continuing effects from an earlier unlawful act).  Thus, Doe's § 1983 claims are dismissed as untimely.

As for Doe's state law claim, the court declines to exercise supplemental jurisdiction over it.  "Although a federal court has discretion to retain jurisdiction over state law claims after the dismissal of the federal claims that created original jurisdiction, 'where, as here, the federal claims

6

are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.'" *Clark v. Dominique*, 798 F.Supp.2d 390, 408 (N.D.N.Y.2011) (quoting *Klein & Co. Futures*, Inc. v. Bd. of Trade of N.Y., 464 F.3d 255, 262 (2d Cir. 2006)).

Accordingly, it is hereby

**ORDERED** that Kathy Hochul is substituted for Cuomo; and it is further;

**ORDERED** that defendants' motion to dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Doe's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 14, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge